LEON FONSECA V. THE STATE.

No. 21140. Delivered October 16, 1940.
Rehearing Denied November 20, 1940.

The opinion states the case.

*Carlisle & Henry,* of Kaufman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was given a two year term in the penitentiary upon a jury verdict finding him guilty of murder without malice. The appeal is predicated on the failure of the court to grant the defendant a new trial because of newly discovered evidence.

It is set out that John Galindo, who resided in an adjoining county, was present as a witness in the court but was not placed on the stand and did not testify. It is set out in the motion and denied by the State that the witness had told the prosecuting attorney about seeing a razor open on the ground at the scene of the homicide, but that, though he had talked with the defense attorney through an interpreter, he had not revealed this fact to the defendant and that it was unknown to them. It is not alleged and it is not shown that he was asked anything about it. In the state of the record we are unable to value this testimony as defensive matter. If it should be the theory of defendant that the deceased was attacking him with a razor, the evidence might become pertinent, but no other witness so testified. If that be the defense, then it was cer-

tainly incumbent upon appellant's counsel in the exercise of due diligence to have asked this witness about it when they consulted him prior to or during the trial.

The evidence introduced in support of the motion for new trial does not appear in the record, and it is not possible for this court to say that the trial court abused its discretion in overruling the motion. There is nothing to show diligence on the part of appellant's counsel and we find no cause for reversal of the case.

The case is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant bases his motion for a rehearing mainly upon the proposition of newly discovered testimony to the effect that he has discovered since the trial that one John Galindo would testify that there was seen near the body of the deceased after he had fallen, and was evidently dead, a white handled straight razor. It appears that this witness was subpoenaed by the defendant and had been talked to by appellant's attorneys during the trial, and that he had made no mention of having seen such razor, and was not used by either party. We do find, however, what purports to be a copy of his testimony taken before a justice of the peace, which statement was attached to the State's motion controverting the appellant's motion for a new trial, in which we find the following: "Blas fell to the ground right near their car and his right arm was open and out behind him and his other hand was sort of down to his side. I didn't see anything in his hands because his wife rushed out and fell there on top of him crying. I was there when Mr. Tune came out there but didn't see any knife."

We think appellant failed to exercise any diligence to ascertain what the testimony of the witness would have been when they talked to him at the time of the trial. We also think that the trial court would have been justified in finding that such testimony was probably not true.

We think this case has been properly disposed of in our original opinion.

The motion is overruled.